Aden *v.* Aden.

CLINTON ADEN, Executor, *v.* B. S. ADEN and WIFE *et al.*

ADVANCEMENTS. *Conveyance. Provisions in. Effect of will upon.* A provision in a deed that the property therein conveyed shall not be regarded as an advancement is good, and this so, even when the will of the conveyor recites that all money or property given his children shall be taken in final account to enable them to share equally.

FROM HENRY.

Appeal from the Chancery Court at Paris. JNO. SOMERS, Ch.

T. C. FRYER for complainant.

F. WILLIAMS and W. A. DUNLAP for defendants.

DEADERICK, C. J., delivered the opinion of the court.

H. E. Aden, complainant's testator, died October 27, 1884, having, in 1870, made his will, which was proved after his death. It contained a provision that "all I may have charged to them" (his three children), "either as a running account or as a gift, should be taken into a final adjustment that all may be equal."

In May 1884, some five months before he died, testator made, executed and delivered a deed in the usual form, though without attesting witnesses, for one hundred acres of land in Henry county, to his son, the defendant, B. S. Aden, in trust, for the then wife of said B. S., and the issue of their marriage, to be

held to the sole, separate and exclusive use of Mary
M. (the wife), with full power in Mary M., as if a
*feme sole,* to use, control and dispose of the rents
and profits, and to dispose of, for reinvestment, the
land itself, her trustee joining her in the convey-
ance, etc.

The consideration expressed is love and affection,
and the grantor covenants that his title is unencum-
bered, and further covenants and warrants the title
against the lawful claims of all persons whatsoever. It
contains the further recital that the grantor wishes it
to be "further understood, that this gift is not to be,
under any circumstances, or at any time, treated by
any person or persons who may be interested in my
estate after my death, as an advancement, to be col-
lated in the partition or distribution of said estate,"
etc. The execution and delivery of said deed were
satisfactorily established upon the hearing in the chan-
cery court, and the deed had been previously admitted
to registration upon proof of the handwriting of the
maker by two witnesses.

The chancellor dismissed the bill so far as it
sought to make defendant, B. S. Aden, account for
the one hundred acres conveyed in trust to him for
his wife and children, and directed a partition of the
real estate, remaining at testator's death, equally
amongst the three children of testator, and appointed
three commissioners to perform this duty, including
the land set apart to the widow for homestead and
dower, she having dissented from the will, and home-
stead and dower having been previously set apart to

Aden *v.* Aden.

her.   Complainant appealed, and insists that the will, speaking at the time of the death of testator, the one hundred acres should be charged as an advancement. But it only operates upon such property as testator may own at the time of his death, and the recital in the deed is an explicit declaration of testator, that the one hundred acres were not to be charged as an advancement, but treated as a gift, which he had the power to make upon the consideration and terms specified by him in said deed.   If the land had been specifically devised, the conveyance would have been a revocation of the devise, and it must be looked to to see the terms upon which it was granted.

We think it was perfectly competent to testator to convey the land, and to declare in the conveyance that it was not to be accounted for in the partition and distribution of his estate as an advancement. This has been done in unmistakable language.

The chancellor has so held, and we affirm his decree, with costs of this court, and the cause will be remanded to the chancery court for further proceedings.